UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| J & J SPORTS PRODUCTIONS, INC., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| vs. | ) | Case No. 4:18CV1528 HEA |
| | ) | |
| STEPHEN O. FOSTER, et al. | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

# OPINION, MEMORANDUM AND ORDER

This matter is before the Court on Plaintiffs' Motion for Default Judgment against Defendants Stephen O. Foster, individually and d/b/a City Life Lounge and City Life, LLC, an unknown business entity d/b/a City Life Lounge (collectively, "Defendants") [Doc. No. 11]. Plaintiffs filed this action on September 11, 2018, alleging violations of 47 U.S.C. §§ 553 and 605. In its Complaint, Plaintiff alleges it has exclusive nationwide commercial distribution rights to the "Floyd Mayweather, Jr. v. Andre Berto WBA/WBC Welterweight Championship Fight Program" telecast (the "Program"). The Program was broadcast on September 12, 2015 and included the main event between Mayweather and Berto, undercard bouts, televised replay, and color commentary. Plaintiff alleges Defendants violated the Federal Communications Act by intercepting, receiving, publishing, divulging,

displaying and/or exhibiting the Program without paying for the right to do so from Plaintiff.

On December 21, 2018, Plaintiff filed a Motion for Entry of Clerk's Default. The Clerk of Court entered an order of default against Defendants on December 27, 2018. Plaintiff filed a Motion for Default Judgment on January 10, 2019. In its Motion for Default Judgment, Plaintiff seeks relief only under 47 U.S.C. § 605, and not under § 553. Section 605(e)(3)(C)(i)(II) allows an award of statutory damages of not less than $1,000 and not more than $10,000 for each violation of § 605. Section 605(e)(3)(C)(ii) permits this Court, in its discretion, to award up to $100,000 in additional damages where "the violation was committed willfully and for the purposes of direct or indirect commercial advantage or private financial gain . . . ." In its Motion for Default Judgment, Plaintiff seeks $10,000 in statutory damages pursuant to 47 U.S.C. § 605(e)(3)(C)(i)(II) and $25,000 in enhanced statutory damages pursuant to 47 U.S.C. § 605(e)(3)(C)(ii). In addition, Plaintiff seeks costs and attorney's fees pursuant to 47 U.S.C. § 605(e)(3)(B)(iii).

Plaintiffs have provided documentation supporting their assertion that they are entitled to relief. The documentation includes: organizational records for City Life, LLC from the Missouri Secretary of State's Office, a declaration of Plaintiff's counsel, an affidavit of Plaintiff's investigator who observed the Program's exhibition at City Life, photos of the exterior of City Life, and the affidavit of

Plaintiff's President with the Television License Agreement for the Program and the "rate card" for the Program. Plaintiff's investigator stated in her affidavit that City Life had a maximum occupancy of 50 patrons, and that three to five patrons were present during the hour she was at City Life. Plaintiff has not yet submitted its expenses and attorney's fees.

When the Clerk of Court has entered default against a defendant, the "allegations of the complaint except as to the amount of damages are taken as true." *Mueller v. Jones*, No. 2:08CV16 JCH, 2009 WL 500837, at *1 n.2 (E.D. Mo. Feb. 27, 2009) (quoting *Brown v. Kenron Aluminum & Glass Corp.*, 477 F.2d 526, 531 (8th Cir. 1973)). The Court finds that, accepting the allegations in Plaintiff's complaint as true, Plaintiff has established that it is entitled to damages against Defendants for a willful violation of 47 U.S.C. § 605 for the purpose of commercial gain.

As to the amount of damages, Plaintiff claims that the requested $10,000 in statutory damages and $25,000 in enhanced statutory damages are necessary to achieve the deterrent effect of the statute. The "rate card" shows that Plaintiff's licensing fee for the Program was $2,000. Plaintiff's investigator saw a maximum of five patrons while she was at City Life, and was not charged a cover charge. The Court finds that statutory damages in the amount of $2,000 are

reasonable, and that enhanced statutory damages in the amount of $3,000 are appropriate to achieve the necessary deterrent effect of the statute.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiffs' Motion for Default Judgment, [Doc. No. 11], is **granted**.

**IT IS FURTHER ORDERED** that Plaintiffs are awarded $5,000 in statutory damages.

**IT IS FURTHER ORDERED** that Plaintiffs are awarded reasonable costs and attorney's fees, and that Plaintiff shall submit its Motion for Costs and Attorney's Fees to the Court, including affidavits in support of attorney's fees and a statement of costs within 21 days of this Order.

Final Judgment to be entered upon determination of costs and attorney's fees.

Dated this 29th day of April, 2019.

_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE